UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MY THANH NGUYEN, A43-337-625,

        Petitioner,

v.

MS. LORETTA LYNCH, et al.,

        Respondents.

_____

DECISION AND ORDER

16-CV-396-V

        The petitioner, My Thanh Nguyen, acting *pro se*, seeks relief from his continued administrative custody/detention pending removal under Title 28, United States Code, Section 2241. For the reasons set forth below, the respondents' motion to dismiss is granted, and Nguyen's petition is dismissed as moot.

        On October 21, 2015, Nguyen was taken into custody by the U.S. Department of Homeland Security, Immigration and Customs Enforcement. *See* Docket Item 1. Following immigration proceedings, on January 5, 2016, Nguyen was ordered removed from the United States by an Immigration Judge. Because Nguyen did not challenge the final order of removal in this Court, and because this Court would not have had jurisdiction to address such a challenge had it been brought, a stay of removal was not entered.[1] *See* Docket Item 2.

---

[1] *See, e.g.*, *Sikder v. Gonzalez*, No. 05cv01833WYDMJW, 2006 WL 1149153, at *5 (D. Col., April 28, 2006) ("Nevertheless, pursuant to the [REAL ID] Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal.") (Order Affirming and Adopting

The respondents, Loretta Lynch, Michael Phillips, and Todd Tryon, now have moved to dismiss the petition as moot because Nguyen has been released from continued detention pending his removal from the United States. Specifically, by Order of Supervision and Addendum executed on July 7, 2016, Nguyen has been placed under supervision and permitted to be at large under the conditions set forth in the Order of Supervision and Addendum.  Docket Items 5 and 5-1.  Counsel for the respondents has submitted a copy of the U.S. Department of Homeland Security Order of Supervision and Addendum verifying the petitioner's release.  *See* Docket Item 5-1.

Accordingly, because Nguyen has been released from continued detention pending his removal from the United States and has been placed under supervision and permitted to be at large under the conditions set forth in the Order of Supervision and Addendum, his petition is moot, the respondents' motion to dismiss the petition is granted, and the petition is dismissed.[2]

---

Magistrate Judge's Report and Recommendation) (citations omitted); *Morillo v. DHS & Bice Detention Center,* No. 9:06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y., April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request.");  *Aime v. Department of Homeland Security*, No. 05-CV-0544F, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

[2] *See Masoud v. Filip*, No. 08-CV-6345-CJSVEB, 2009 WL 223006 (W.D.N.Y., Jan. 27, 2009) (confirming Report and Recommendation of U.S.M.J. Victor E. Bianchini) (petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 seeking release from detention pending removal moot upon release of petitioner from detention pursuant to an Order of Supervision); *see also Leybinsky v. United States Immigration and Customs Enforcement*, 553 Fed.Appx. 108, 2014 WL 503188 (2d Cir., Feb. 10, 2014) (Summary Order) (petitioner's release from ICE custody pending removal pursuant to a final order of removal moots his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241,

The Clerk of Court is directed to forward a copy of this Order to petitioner at the address set forth in the Order of Supervision: 2 Colfax Ave, Apt. 1B, Binghamton, NY 13905.

The Court hereby certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

---

and the "capable of repetition but evading review" exception to mootness doctrine inapplicable.); *Hubacek v. Holder*, No. 13-CV-1085-JTC, 2014 WL 1096949 (W.D.N.Y. Mar. 19, 2014) (Because petitioner has been released from administrative detention and is no longer is in the custody of the Department of Homeland Security, he has already obtained the only relief sought and obtainable by virtue of his habeas petition brought under 28 U.S.C. § 2241, and he is no longer suffering "actual injury" as required to maintain federal subject matter jurisdiction under the case-or-controversy requirement of Article III, § 2 of the U.S. Constitution.)

IT IS HEREBY ORDERED that the petition is dismissed; and it is further

ORDERED that leave to appeal as a poor person is denied.

**SO ORDERED.**

Dated: October 25, 2016
       Buffalo, New York

                                            *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE